**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **STRIKEFORCE TECHNOLOGIES, INC.,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**ENTRUST, INC., ENTRUST DATACARD CORPORATION, and CYGNACOM SOLUTIONS, INC.,**<br><br>   **Defendants.** | **Civil Action No. 1:17-cv-00309-LMB-TCB**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
<u>MOTION FOR A PROTECTIVE ORDER</u>**

Pursuant to the Court's Scheduling Order (Dkt. No. 26), the Parties' Joint Proposed Discovery Order (Dkt. No. 25, Section F), and the Court's Order (Dkt. No. 28) granting until May 31, 2017, to file a protective order, Plaintiff StrikeForce Technologies, Inc. ("StrikeForce") submits this Memorandum in support of its Motion for Entry of Protective Order ("Motion for Protective Order") setting forth its position on remaining disputed issues relating to the proposed protective order attached to the Motion for Protective Order. The parties have met in good faith pursuant to Local Rule 37 to resolve the issues set forth in the Motion for Protective Order but have been unable to reach agreement.

As discussed below, Defendants appear to be using the Protective Order to attempt to make discovery difficult for StrikeForce, rather than to ensure that any confidential information of Defendants is protected. Accordingly, StrikeForce asks the Court enter Plaintiff's Proposed Protective Order attached to its Motion for Entry of Protective Order as **Exhibit A**.

## I.      STATEMENT OF FACTS

StrikeForce and Defendants have met and conferred repeatedly on a proposed protective order, and have reached resolution on all issues with six exceptions, all dealing with production of source code and a related prosecution bar. These disputed issues are set forth below:

1.      The location where each party will make source code available for inspection;

2.      The length of advance notice required each time a reviewing party requests to review source code;

3.      Whether, just before and during trial, the parties should make source code available for inspection at a location in Alexandria, Virginia;

4.      How quickly the producing party must produce printouts of requested code following inspection;

1

5.      Whether, for use in depositions, the party producing source code should provide a secure source code computer; and

6.      Whether, if a party mistakenly produces material without designating it as highly protected technical information, all individuals who reviewed that material *before* the producing party corrects its mistake are also subject to the prosecution bar.

A copy of the proposed protective order, with the disputed terms highlighted, is attached as Exhibit A to the Motion for Protective Order.

## II.      ARGUMENT

### A.      Where Source Code Should Be Produced

| ¶ | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| 11(a) | The Source Code Computers shall be made available at the office of counsel for the Producing Party or at any other location mutually agreed upon by the Parties. | Source Code shall be made available for inspection . . . **at a secure third party facility located in or near a facility of the Producing Party (the "Secure Facility")**, at the office of counsel for the Producing Party, at a location mutually agreed upon by the Parties, **or as permitted under the Federal Rules of Civil Procedure.  In the event a Producing Party elects to make Source Code available at a Secure Facility, the Parties agree to meet and confer in good faith to select the Secure Facility to be used for the production of Source Code.** |

This dispute, while ostensibly about whether Defendants can produce source code at a "secure third party facility," is actually about where (and in what country) a party can produce source code.  During the meet-and-confer process, Defendants' counsel stated that Defendants intend to produce source code either in Ottawa, Canada, or Minnesota.  Defendants' counsel is located in Washington, D.C., and at least one defendant, Cygnacom Solutions, has its principal place of business in McLean, Virginia.  StrikeForce has no objections in principle to source code being produced at a secure third-party facility, but believes it would be unduly burdensome to

require StrikeForce to travel out of the country, and at least very far from the Eastern District of Virginia, in order to review code, particularly given that code can be securely and easily sent from one location to another (e.g., by encrypted hard drive).

This Court has regularly approved of protective orders in other cases in which source code is produced at designated offices of outside counsel, or even within fifty miles of the Alexandria, Virginia, courthouse. *See, e.g.*, *Morphotrust USA, LLC v. L-1 Secure Credentialing, LLC*, No.1:16-cv-00323-AJT-TCB, Dkt. No. 34, at 5 (E.D. Va. July 28, 2016) ("Unless otherwise agreed upon by the producing and receiving parties, the Source Code shall be made available in electronic format within a 50-mile radius of Alexandria, Virginia at either (1) the offices of the producing party's outside counsel of record in this action, or (2) a single, third-party site (e.g., an escrow company)."); *Hill-Rom Co., Inc. v. Gen. Elec. Co.*, No. 2:14-cv-187-RGD-LRL, Dkt. No. 74, at 17 (E.D. Va. July 31, 2014) ("The Source Code Computers shall be located and secured at an office of Producing Party's counsel selected by the Receiving Party."); *Icontrol Networks, Inc. v. Alarm.com Inc.*, No. 1:13-834-LMB-IDD, Dkt. No. 41, at 25, Ex. B (E.D. Va. Sept. 12, 2013) ("The stand-alone computer shall be located in an office of outside counsel for the provider. The office must be located within the District of Columbia or the Alexandria Division of the Eastern District of Virginia."); *see also Autodesk, Inc. v. ZWCAD Software Co.*, No. 5:14-CV-01409-EJD, 2015 WL 1928184, at *7 (N.D. Cal. Mar. 27, 2015) ("Requiring [Plaintiff's] attorneys and experts to travel to Beijing every time they need to examine the source code would be more burdensome and expensive than sending the source code to the United States. . . .").

Other than their own convenience, Defendants have not offered any reason to make the review of key documentary evidence so difficult and expensive. The Federal Rules of Civil Procedure command the parties and this Court to seek the "just, speedy and inexpensive

determination of every action and proceeding." Fed. R. Civ. P. 1. This Court should adopt the source code review provision of the Protective Order that Plaintiff has suggested.

### B.      The Length of Required Notice Before Inspection

| ¶ | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| 11(b) | The Producing Party's Source Code shall be available for inspection by a Receiving Party during regular business hours for an eight hour period between 9:00 a.m. and 5:00 p.m. as long as the Receiving Party provides written notice at least five (5) business days in advance. The Producing Party will accommodate reasonable requests to extend an ongoing inspection provided that it receives written notice from the Receiving Party at least three (3) business days in advance of the proposed extended period. **Further, the Parties will be reasonable in accommodating reasonable requests to shorten the notice required herein.** | The Producing Party's Source Code shall be available for inspection by a Receiving Party during regular business hours for an eight hour period between 9:00 a.m. and 5:00 p.m. as long as the Receiving Party provides written notice at least five (5) business days in advance. The Producing Party will accommodate reasonable requests to extend an ongoing inspection provided that it receives written notice from the Receiving Party at least three (3) business days in advance of the proposed extended period. |

The parties are close to agreement, but Entrust refuses to include the provision (which it previously proposed) that the parties "will be reasonable" in accommodating "reasonable requests" to shorten the five business day notice period that applies (other when there is continuing review) *each time* a party seeks to review code. Final infringement contentions are due August 11, 2017, and Entrust has not yet produced source code or stated when it will produce source code. Given the tight schedule, StrikeForce believes that requiring five business days of notice *each time* a party wishes to review is unnecessarily burdensome—and believes it is reasonable that the parties agree now to accommodate reasonable requests made during an inspection. For example, if StrikeForce requests the opportunity to review code over a working week, but determines that an additional day the following Monday is necessary, Entrust's position seems to be that such a request would be unreasonable and denied.

4

While the parties successfully negotiated the inclusion of the language regarding shortened notice in the case of continuing inspection, Defendants' refusal to include this agreement to be reasonable makes StrikeForce concerned that Defendants may use the Protective Order to attempt to delay StrikeForce's discovery, rather than to ensure the protection of confidential information. Notably, this Court has regularly approved of protective orders in which source code review after the first review is subject to a shorter notice period. *See, e.g.*, *Vir2us, Inc. v. Invincea, Inc.*, No. 2:15-cv-00162-HCM-LRL, Dkt. No. 27, at 15-16 (E.D. Va. Oct. 26, 2015) ("For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the Receiving Party shall give at least one business day (and at least 24 hours') notice to the Producing Party of such review."); *CalAmp Wireless Networks Corp. v. Orbcomm Inc.*, No. 3:16-cv-906-HEH, Dkt. No. 42, at 9 (E.D. Va. Mar. 8, 2017) ("Computer shall be made accessible for inspection of Source Code . . . upon advanced notice by the Receiving Party to the Producing Party of no less than five (5) business days in advance of the initial requested inspection, and no less than three (3) business days in advance of any requested inspection thereafter."). Plaintiff's addition is reasonable, flexible and does not prejudice the Defendants; this Court should adopt it in the proposed Protective Order.

C.      **Source Code Available in E.D. Va. for Trial**

| ¶ | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| 11(e)-(f) | One week prior to the beginning of trial and continuing through the end of trial, each Producing Party shall make its source code available for inspection at a location in Alexandria, Virginia. The Producing Party shall make the source code available in its native format and with the same tools and file structure which the source code had when originally produced in this matter.<br><br>One week prior to the beginning of trial and continuing through the end of trial, the Receiving Party only need provide four (4) hours notice for the inspection of source code. The Producing Party shall make its best efforts to accommodate review on shorter than four (4) hours notice during this period. | [Refuse to include.] |

StrikeForce believes that, given the likely importance of source code to this case, it may be necessary for the parties to review source code at and through trial, particularly for purpose of cross-examination.   Accordingly, given that the parties and their experts will be *at* trial in Alexandria, Virginia, and that source code will likely be used at trial during questioning of witnesses, it is appropriate that the source code be made available for inspection at that time *in* Alexandria.  Suggesting that StrikeForce's counsel or experts would have to travel out of town—and possibly out of the country—to review code just prior and during trial does nothing to protect any party's information, but instead represents another attempt to make discovery more difficult for StrikeForce.  And, indeed, Defendants have already agreed that code will be available through the end of the case.

This sort of provision for source code being available at trial has been included in other protective orders as well.  *See, e.g., Vir2us, Inc. v. Invincea, Inc.*, No. 2:15-cv-00162-HCM-LRL, Dkt. No. 27, at 15 (E.D. Va. Oct. 26, 2015) ("It is expected that access to the Source Code shall

be provided at the site of any hearing or trial.").

Plaintiff's suggested language will benefit not only the parties but this Court should questions at trial arise that require reference to the source code; the Court should adopt that Plaintiff's suggested language.

### D.    Length of Time to Produce Printouts of Source Code

| ¶ | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| 11(g)(iii) | **Within five (5) calendar days**, the Producing Party shall provide one copy set of such pages to the Receiving Party. | Within **seven (7) calendar days**, the Producing Party shall provide one copy set of such pages to the Receiving Party. |

The parties are again close to agreement with respect to producing code once it has been printed, but Entrust insists on having seven calendar days to do so, while StrikeForce believes five calendar days is more reasonable.  As noted previously, final infringement contentions are due August 11, 2017, and Entrust has not yet produced source code or stated when it will produce source code.  In addition to the required five business days of notice that each party must give before reviewing code, requiring an additional seven days to produce code means that—even if Entrust announced today that code was available for review and StrikeForce provided the required notice—that code would not be produced at a minimum for two weeks.  This would be 20% of the time until final contentions are due.  Defendants' position here, once again, merely makes discovery more difficult for StrikeForce, and does nothing to ensure the protection of its material.

### E.      Source Code Computer For Use at Deposition

| ¶ | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| 11(g)(ix) | **Alternatively, providing that it receives at least four (4) days notice before the date of the deposition, the Producing Party shall make available for use at a deposition a secured computer with the produced Source Code, and any software installed on the Source Code Computer pursuant to Paragraph 11, along with display devices for making the secured computer reasonably viewable by Counsel and the deponent.** | [Refuse to include.] |

StrikeForce believes that, given the likely importance of source code to this case, it is important that the parties be entitled to depose witnesses, including expert witnesses, about that source code.  Defendants are taking the position that the only code that can be asked about at deposition is whatever code has been produced in printouts (which must be identified seven days prior to the deposition—and, as noted above, would not be produced for seven additional days).  As an initial matter, given the timing that Defendants are seeking, and the tight discovery schedule, it is likely that necessary code will not even have been *produced* in time for deposition.  Again, Defendants' position seems more about seeking to make discovery difficult for StrikeForce than to protect confidential information.

The provision StrikeForce is seeking is regularly included in protective orders endorsed by this Court.  *See, e.g.*, *Samsung Elecs. Co., Ltd. v. Nokia Corp.*, No. 3:14-cv-00757-REP, Dkt. No. 164, at 11 (E.D. Va. May 19, 2015) (stipulated source code addendum) ("A Receiving Party is also permitted to request that the Producing Party make all Source Code made available in this litigation to be available in electronic form for a deposition . . . The Producing Party shall make the Source Code available on a computer . . . ."); *Orbital Austl. Pty Ltd. v. Daimler AG*, No. 3:14-cv-808-

REP, Dkt. No. 77, at 21 (E.D. Va. Apr. 21, 2015) ("The supplier shall, on request, make a searchable electronic copy of the Source Code available on a standalone computer during depositions of expert and 30(b)(6) witnesses who would otherwise be permitted access to such Source Code or Calibration Data.").

The inclusion of the Plaintiff's clause will allow much more efficient examination of deposition witnesses and will not substantially prejudice the defendants. As such, the Court should adopt the Plaintiff's proposal to allow the parties to depose witnesses with the source code in a reasonable manner.

**F.     Prosecution Bar Should Not Apply to Improperly Designated Materials**

| ¶ | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| 17(f) | Does Not Apply to Improperly Designated Material. The patent bar described in Paragraph 17 shall not apply with respect to any produced information that was received and/or reviewed at a time when that information was improperly designated as something other than CONFIDENTIAL -- OUTSIDE ATTORNEYS' EYES ONLY -- SOURCE CODE and/or technical Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY. | [Refuse to include.] |

While the parties have agreed to a prosecution bar, StrikeForce wants to ensure that that bar does not extend to individuals who merely reviewed material that was *mistakenly produced* by a party without the proper designations. Defendants' position is that, regardless that it was the producing party's error in mis-designating material, *the prosecution bar should reach back and affect individuals who had no intention of reviewing prosecution bar material and only did so only because of the error of the producing party.* In essence, the *receiving* party would be punished for the mistake of the *producing* party; such a situation would be entirely unfair.

Once again, the sort of provision that StrikeForce requests has regularly been included in protective orders endorsed by this Court. *See, e.g.*, *N5 Techs. LLC v. Citigroup Inc.*, No. 2:14-cv-00242-HCM-TEM, Dkt. No. 31, at 23 (E.D. Va. Oct. 17, 2014) ("Notwithstanding the above, a subsequent designation . . . shall apply on a going forward basis and shall not disqualify anyone who reviewed [these materials] while the materials were not [so] marked . . . . ."); *see also Dietgoal Innov. LLC v. Gen. Mills Sales, Inc.,* No. 2:12-cv-331, Dkt. No. 34, at 30 (E.D. Va. Jan. 29, 2013) (transferred from E.D. Tex.) ("Re-Labeling of Discovery Material. If Discovery Material is designated or redesignated with a different confidentiality designation subsequent to production, such subsequent designation of Discovery Material shall apply only on a going forward basis.").

It is unfair to visit upon the party who is without fault the extraordinary remedy of a patent bar when the fault of mis-designation lies with the other party. Plaintiff's suggested solution is fair and balanced and avoids this harm. The Court should adopt it.

## III.   CONCLUSION

With respect to the remaining points of contention, Defendants appear to be using the Protective Order to attempt to make discovery difficult for StrikeForce, rather than to ensure that confidential information is protected. The provisions that StrikeForce is seeking to have included in the protective order, and that Defendants are opposing, provide the necessary protection for the parties' confidential information and help ensure that discovery (especially with tight discovery deadlines) proceeds efficiently and effectively. Accordingly, StrikeForce asks that the Court enter Plaintiff's Proposed Protective Order.

Dated:  May 31, 2017

Respectfully submitted,

By: */s/ Stephen E. Noona*
    Stephen E. Noona
    Virginia State Bar No. 25367
    KAUFMAN & CANOLES P.C.
    150 West Main Street, Suite 2100
    Norfolk, VA 23510
    Telephone:  (757) 624-3239
    Facsimile:  (888) 360-9092
    senoona@kaufcan.com

    Richard T. McCaulley, Jr. (*pro hac vice*)
    ROPES & GRAY LLP
    191 North Wacker Drive
    32nd Floor
    Chicago, IL 60606
    Telephone:  (312) 845-1200
    Richard.mccaulley@ropesgray.com

    Steven Pepe (*pro hac vice*)
    Kevin J. Post (*pro hac vice*)
    ROPES & GRAY LLP
    1211 Avenue of the Americas
    New York, NY 10036-8704
    Telephone:  (212) 596-9000
    Steven.pepe@ropesgray.com
    Kevin.post@ropesgray.com

    Matthew J. Rizzolo (*pro hac vice*)
    ROPES & GRAY LLP
    2099 Pennsylvania Ave, NW
    Washington, DC 20006
    Telephone:  (202) 508-4600
    Matthew.rizzolo@ropesgray.com

    Samuel L. Brenner (*pro hac vice*)
    ROPES & GRAY LLP
    800 Boylston Street
    Boston, MA  02199
    Telephone:  (617) 951-7120
    Facsimile:  (617) 951-7050
    Samuel.Brenner@ropesgray.com

    *Attorneys for Plaintiff StrikeForce*
    *Technologies, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2017, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will then send a notification of such filing (NEF)

to the following:

Christopher B. Ferenc
Virginia State Bar No. 76719
Terence P. Ross
Virginia State Bar No. 26408
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, N.W., Suite 200
Washington, DC  20007
Telephone:  (202) 625-3500
Facsimile:  (202) 298-7570
Christopher.ferenc@kattenlaw.com
Terence.ross@kattenlaw.com

*Attorneys for Defendants, Entrust, Inc.,*
*Entrust Datacard Corporation and*
*Cygnacom Solutions, Inc.*

                                               */s/ Stephen E. Noona*
                                               Stephen E. Noona
                                               Virginia State Bar No. 25367
                                               KAUFMAN & CANOLES P.C.
                                               150 West Main Street, Suite 2100
                                               Norfolk, VA 23510
                                               Telephone:  (757) 624-3239
                                               Facsimile:  (888) 360-9092
                                               senoona@kaufcan.com

15669838v1