IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STRIKEFORCE TECHNOLOGIES, INC.,<br><br>**Plaintiff,**<br><br>v.<br><br>ENTRUST, INC., ENTRUST DATACARD CORPORATION, and CYGNACOM SOLUTIONS, INC.,<br><br>**Defendants.** | Civil Action No. 1:17-cv-00309-LMB-TCB<br><br><br>JURY TRIAL DEMANDED |

**AGREED PROTECTIVE ORDER**
**REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Plaintiff StrikeForce Technologies, Inc. ("StrikeForce") and Defendants Entrust, Inc., Entrust Datacard Corporation, and Cygnacom Solutions, Inc. (collectively, "Entrust"), anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information may be disclosed or produced during the course of discovery, initial disclosures, supplemental disclosures, and otherwise in this action. The Parties request that the Court enter this Agreed Protective Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order").

1.   **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for this action, *StrikeForce Technologies, Inc. v. Entrust, Inc. et al.*, Civil Action No. 1:17-cv-00309-LMB-TCB (E.D. Va.) and all related appeals, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.

(c)   Nothing in this Order shall be construed to require a Producing Party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court. Production or disclosure of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" information under this Order shall not prejudice the right of any Producing Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.  Moreover, nothing in this Order creates a presumption or implies that information designated as Protected Material actually constitutes a trade secret, is proprietary, or is otherwise protectable information.

2.   **DEFINITIONS**

(a)   "Discovery Material" means all items, documents, or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are

**AGREED PROTECTIVE ORDER – PAGE 2**

produced, disclosed, exchanged, or generated in connection with discovery, in Rule 26(a) disclosures, at hearings, or otherwise in this action.

(b)  "Outside Counsel" means outside attorneys for the Parties working on this action, who are not employees of any Party, as well as their associates and support personnel working in connection with this action.

(c)  "Party" means any party to this action, including all of its officers, directors, and employees.

(d)  "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this action.

(e)  "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include:  (i) any materials that have actually been published or publicly disseminated; or (ii) documents that have been submitted to any governmental entity without request for confidential treatment.

(f)  "Receiving Party" means any Party who receives Discovery Material from a Producing Party in this action.

(g)  "Source Code" means computer code, scripts, binaries, assembly, object code, source code listings, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

(h)  "Outside Expert or Consultant" shall mean any person (and their support personnel) who is not an employee of a Party and (i) is identified as an expert whose opinions may

**AGREED PROTECTIVE ORDER – PAGE 3**

be presented at trial of this action, or (ii) is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this action for the preparation or trial thereof. This term is to be construed within the meaning of Rule 26(b)(4)(a)-(b), Fed. R. Civ. P.

(i)     "Patents-in-suit" means U.S. Patent Nos. 8,484,698, 8,713,701, and the applications that resulted in those patents.

## 3.   <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 4.   <u>SCOPE</u>

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, compilations, or derivations in any way thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Receiving Party from showing Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     Nothing in this Order shall be construed to preclude any Party's right to file any Protected Material with the Court under seal.

(e)     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, to seek an order that certain material not be produced at all.

5.     **DURATION**

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing, a court order otherwise directs, or that information otherwise becomes public.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     **Basic Principles.**  All Protected Material shall be used solely for this case or any appellate proceeding originating from this case, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     **Secure Storage.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that is reasonably calculated to ensure that access is limited to the persons authorized under this Order.  This provision shall not limit the ability of the Receiving Party to use data storage services, including cloud storage, hosted document review platforms, or email servers, hosted and/or maintained by Outside Counsel for the Receiving Party, as long as such data storage services provide adequate security and/or

**AGREED PROTECTIVE ORDER – PAGE 5**

encryption.  The Receiving Party shall take necessary steps to ensure and confirm that any data storage services have adequate security and/or encryption.

(c)     **Limitations**.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material for any purpose.  Nothing in this Order shall restrict in any way the use or disclosure by a Receiving Party of Discovery Material: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party or otherwise not involving a violation of this Order; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Protected Information; (v) that was or is produced with the consent of the Producing Party; or (vi) that is produced pursuant to order of the Court.

(d)     **Disclosure to Author or Recipient**.  Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a Party from disclosing Protected Material to any person whom the Discovery Material clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material.  In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the document.

(e)     **Disclosure During Depositions**.  Except as otherwise approved by the Producing Party or by an order of this Court, a Party may use Protected Material in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Material by virtue

**AGREED PROTECTIVE ORDER – PAGE 6**

of their employment or other relationship with the Producing Party; (b) an individual identified in the Protected Material, including metadata, as an author, addressee, carbon copy recipient, or custodian of such information; (c) an individual designated pursuant to Section 12(b) of this Order; or (d) an individual designated as a corporate representative under Federal Rule of Civil Procedure 30(b)(6) (provide that that Protected Material is the Protected Material of the party on behalf of which the individual is testifying).

      7.    **DESIGNATING PROTECTED MATERIAL**

      (a)    **Available Designations**.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE."  A Producing Party shall use reasonable care in designating information as Protected Material.

      (b)    **Written Discovery and Documents and Tangible Things**.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations provided for in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  Court filings, such as pleadings, declarations, affidavits and the like, may be designated by placing the appropriate designation on the face of such document.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and/or may mark the medium, container, and/or communication in which the digital files were contained, and/or may mark the files by indicating the appropriate designation in the file names.  In the event

that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEY'S EYES ONLY" during the inspection and re-designated as appropriate during the copying process. To the extent a Receiving Party generates copies of any designated documents or information, whether electronic or hard copy, it shall ensure such copies reflect any such designation. In the event that the Receiving Party prints documents produced electronically in a native file format, the Receiving Party shall mark each page of the printed documents with the designation made by the Producing Party, if any.

(c)     **Native Files**. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators the confidentiality designations provided for in Paragraph 7(a), or any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed, the Receiving Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party, if any, and include the production number and designation associated with the native file.

(d)     **Depositions and Testimony**. Parties or testifying persons or entities may designate depositions and other testimony, or portions thereof, with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how the transcript of the testimony is designated within twenty (20) calendar days of receipt of the transcript of the testimony, or as otherwise agreed to by the parties. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEY'S EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition

shall remain subject to the provisions of this Order, along with the transcript pages of the testimony dealing with such Protected Material. The court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this action and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from attending an oral deposition, any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material other than the deponent, deponent's counsel, Outside Counsel for each of the Parties in this litigation, the reporter and the videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)   A Producing Party may designate as "CONFIDENTIAL" Discovery Material which it reasonably considers to contain or reflect non-public, confidential, proprietary, and/or commercially sensitive information, or information subject to an obligation of confidentiality to a third party or a Court.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel and any copying, clerical, or technical litigation support services working at the direction of such Outside Counsel;

**AGREED PROTECTIVE ORDER – PAGE 9**

(ii)      Any Outside Expert or Consultant retained by the Receiving Party to assist in this action, and his/her support staff working at the direction of the Outside Expert or Consultant, provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of an opposing Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of an opposing Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties and the Producing Party as set forth in Paragraph 12 below;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)      Graphics, translation, design, and/or trial consulting personnel, who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential; and

(viii)   Any other person with the prior written consent of the Producing Party.

9.      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

**ATTORNEY'S EYES ONLY"**

(a)     A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" which it reasonably considers to contain or reflect information that the Producing Party believes in good faith is confidential and/or sensitive in nature such that the disclosure of the Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  By way of non-limiting example, relevant   documents   in   one   or   more   of   the   following   categories   may   qualify   for   the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation: (i) trade secrets; (ii) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, testing documents, and other non-public technical descriptions and/or depictions of the relevant technology; (iii) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins); (iv) non-public organizational charts and employee information; (v) non-public financial information and data; (vi) non-public customer and vendor lists and agreements; (vii) non-public patent license agreements and information; (viii) other non-public license and/or settlement agreements and information, and information relating to negotiations regarding such license and/or settlement agreements; (ix) non-public merger and acquisition activities and information; (x) non-public product development information; (xi) non-public business, marketing, and/or sales plans and strategies; (xii) non-public price lists and/or pricing information; and (xiii) information obtained from a non-party pursuant to a current Non-Disclosure Agreement.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel and any copying, clerical, or technical litigation support services working at the direction of such Outside Counsel;

(ii)      Any Outside Expert or Consultant retained by the Receiving Party to assist in this action, and his/her support staff working at the direction of the Outside Expert or Consultant, provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of an opposing Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of an opposing Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by case law, on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties and the Producing Party as set forth in Paragraph 12 below;

(iii)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)      The Court, jury, and court personnel;

(v)      Graphics, translation, design, and/or trial consulting personnel, who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(vi)      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(vii)      Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning

Protected Material confidential;

(viii)   Any other person with the prior written consent of the Producing Party.

(c)   For the mutual convenience of the Parties, either Party may generate certain financial summaries for the purpose of this action.  To the extent such financial summaries are in a native format (e.g., a Word, Excel, or other native file), the Party shall password protect that document on an encrypted media.   All such financial summaries are to be designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY".   To the extent that any such financial summaries are transmitted from or to authorized recipients outside of a Party's Outside Counsel's office, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or via a secure FTP site or similarly secure means of electronic transmission.

(d)   In no event shall an employee, officer, or director of any Party to this action or of any competitor of any Party to this action have access to Protected Material relating to patent licensing matters, related merger and acquisition activities, or Source Code without a Court order or the written consent of the Producing Party.

10.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE"**

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of this action, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" if it comprises or includes non-public, sensitive, confidential, proprietary, and/or trade secret Source Code.

**AGREED PROTECTIVE ORDER – PAGE 13**

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, and any copying, clerical, or technical litigation support services working at the direction of such Outside Counsel;

(ii)     Any Outside Expert or Consultant retained by the Receiving Party to assist in this action, and his/her support staff working at the direction of the Outside Expert or Consultant provided that: (a) such Outside Expert, Consultant or his/her support staff has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of an opposing Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of an opposing Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by case law, on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties and the Producing Party as set forth in Paragraph 12 below;

(iii)     Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)     Graphics, translation, design, and/or trial consulting personnel, who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(vi)     Any mediator who is assigned to hear this matter, and his or her

staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

(vii)    Any other person with the prior written consent of the Producing Party.

11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party: Source Code shall be made available for inspection in electronic format on two "stand-alone" computers (that is, computers that may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and that may not be connected to any printer (except as otherwise permitted in this agreement), supplied by the Producing Party, which may be password protected. Defendants shall produce Source Code for review at third-party Entrust Datacard Limited's facility in Ottawa, Canada. Plaintiff shall produce Source Code for review at the office of counsel for Plaintiff in Washington, D.C., or at any other location mutually agreed upon by the Parties.

(i)    Source Code shall be available for inspection during regular business hours for an eight hour period between 9:00 a.m. and 5:00 p.m. provided that the Receiving Party provides written notice at least three (3) business days in advance of the first date on which inspection is sought. The Source Code shall be available for a Receiving Party's inspection and review until the termination of this litigation as to the Producing Party.

(ii)    No recordable media or recordable devices, including without limitation sound recorders, computers, peripheral equipment, cameras (including cellular

telephones with cameras), CDs, DVDs, or drives of any kind, shall be permitted in the room in which any Source Code is produced for inspection.

(b)     Prior to providing access to any Source Code, the Producing Party shall install tools reasonably necessary for viewing and searching the Source Code, including at least AtoM, Sublime Text 2.0, and Adobe Acrobat Reader.  To the extent that such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Producing Party.

(c)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(d)     Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this action.  No person shall review or analyze any Source Code for purposes unrelated to this action, and no person may use any knowledge gained as a result of reviewing the Source Code in this action in any other pending or future dispute, proceeding, or litigation or for any other purpose.

(e)     For the period one week before trial and extending through trial, the Receiving Party need provide notice only one business day in advance of the date of which inspection is sought. The Producing Party will produce printed Source Code in response to requests from these inspections as soon as reasonably possible.

(f)     No copies of any portion of the Source Code may be created except as expressly provided herein.  Further, no other written or electronic record of the Source Code is permitted except as expressly provided herein.

**AGREED PROTECTIVE ORDER – PAGE 16**

(i)      The Receiving Party's Outside Counsel and/or Outside Expert or Consultant shall be entitled to take notes relating to the Source Code, however, absent agreement of the parties or court order, no one may copy more than twenty-five (25) continuous lines of Source code in said notes. Each page or file of any such notes containing Source Code information must be marked as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE."

(ii)     The Receiving Party shall be entitled to request printouts on colored paper of reasonable portions of the Source Code inspected and reviewed. "Reasonable portions of the Source Code" shall be limited to the portions that are necessary to understand a relevant feature of any product relevant to this lawsuit.   Unless otherwise agreed upon by the Parties or authorized by the Court, the Receiving Party shall not request printouts of any continuous block of Source Code that results in more than thirty-five (35) printed pages or more than 500 pages of Source Code in total. The printed portions shall be printed in no smaller than twelve (12) point font. The parties shall meet and confer in good faith to resolve any disputes regarding printout requests pursuant to this section.

(iii)    The Producing Party shall place production numbers on any pages printed, label any pages "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE," and copy those pages for the Receiving Party. Within five (5) calendar days, the Producing Party shall provide one copy set of such pages to the Receiving Party.

(iv)    All persons inspecting any Source Code on behalf of the Receiving Party shall sign on each day they inspect the Source Code a log that will include the names of the persons who inspect the Source Code and the times on each day at which they began and concluded their inspection of the Source Code.   The Producing Party shall be responsible for providing and

maintaining said log.

(v)      Unless otherwise agreed in advance by the Parties in writing, following each day on which Source Code inspection is conducted under this Order, the Receiving Party's Outside Counsel and/or Outside Expert or Consultant shall remove all notes, documents, and all other materials from the room in which the Source Code review occurred, and must be given reasonable opportunity to do so.

(vi)      Unless otherwise agreed to by the Parties, the Receiving Party's Outside Counsel may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(g)(iii), not including copies attached to court filings, expert reports, or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon three (3) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(vii)     All attorneys and/or experts for the Receiving Party who qualify under Paragraphs 10(b)(i) or 10(b)(ii) above may have access to printed copies of any portion of the Producing Party's Source Code. All persons (other than a party's outside counsel or their support staff) who will review the Producing Party's Source Code on behalf of the Receiving Party shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. The Producing Party may object to providing Source Code access to any persons so identified. If objection to an individual is made by the Producing Party, it will be the burden on the Producing Party to prove that the individual should

not be authorized to inspect the Producing Party's Source Code.

(viii)     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code or any notes, analyses, or descriptions of Source Code in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code or any notes, analyses, or descriptions of Source Code in a locked room or cabinet when it is not in use.

(ix)     Any deposition at which third-party Entrust Datacard Limited's Source Code will be a subject of examination will take place at Entrust Datacard Limited's facility in Ottawa, Canada.  For any deposition, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least seven (7) business days before the date of the deposition, the Receiving Party shall identify to the Producing Party those specific portions of the Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those specific portions to the deposition for use by the Receiving Party.  Notwithstanding the foregoing or anything else in this Protective Order, at least one of the "stand-alone" computers referred to in paragraph 11(a) containing Source Code and review tools will be available for use by the Receiving Party during all depositions at which  Source Code will be a subject of examination.  Copies of the Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers or else identify the Source Code by file name and path.  All paper copies of the Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel for secure destruction in a timely manner following the deposition.

(x)     Except as provided in this sub-paragraph, absent express written

**AGREED PROTECTIVE ORDER – PAGE 19**

permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of the Source Code for use in any manner, except for purposes of applying production numbers and confidentiality legends. Absent written permission from the Producing Party, images or copies of the Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. Absent written permission of the Producing Party, the Receiving Party shall not seek to communicate electronically any copy of the Source Code, including through e-mail, FTP or any other means of electronic communication. The Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, or any drafts of these documents. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. To the extent that excerpts of Source Code are quoted in a document, either (i) the entire document will be stamped "CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE" or (ii) those pages containing the quoted Source Code will be separately bound, and stamped as "CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE". All pleadings containing "CONFIDENTIAL - OUTSIDE ATTORNEY'S EYES ONLY - SOURCE CODE" documents shall be filed under seal.

12.    **NOTICE OF DISCLOSURE**

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 9(b)(ii), or 10(b)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of

all of the Person's past and current professional or personal relationships with any Party, including

direct relationships and relationships through entities owned or controlled by the Person; (iv) an

up-to-date curriculum vitae of the Person listing such Person's education and experience; (v) for

the past five (5) years, a list of the actions in which the Person has testified at deposition or trial,

all companies for which the individual has provided consulting services, either directly or through

a consulting firm, and all companies by which the individual has been employed; and (vi) an

identification of all issued and/or pending patent applications on which the Person is named as an

inventor, in which the Person has any ownership interest, or as to which the Person has had an

interest as an inventor or owner.   The Party seeking to disclose Protected Material shall provide

such other information regarding the Person's professional activities reasonably requested by the

Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected

Material to the Outside Expert or Consultant.   Any information provided pursuant to this

subsection, as appropriate, may itself be designated as Protected Material.  Any Person designated

under this subsection shall not be an employee of a Party and shall be (i) a person identified as an

expert whose opinions may be presented at trial of this action or (ii) a person retained or specially

employed in anticipation of litigation or preparation for trial of this action and who is not expected

to be called as a witness at trial.  This may include but not be limited to a proposed expert witness

with whom counsel may deem it necessary to consult concerning technical, financial, or other

aspects of this action for the preparation or trial thereof.

      (b)    Within five (5) calendar days of receipt of the disclosure of a Person

pursuant to Paragraph 12(a), a Producing Party may object in writing to the Person for good cause,

stating in that written objection the basis or bases for the objection.  In the absence of an objection

at the end of the five (5) calendar day period, the Person shall be deemed approved under this

Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this five (5) calendar day period. If the Producing Party objects to disclosure to the Person within such five (5) calendar day period, the Producing Party and the Party seeking to disclose the information shall meet and confer via telephone or in person within three (3) calendar days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Producing Party will have five (5) calendar days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection or the dispute is otherwise resolved.

(c)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(d)     An initial failure to object to a Person under Paragraph 12(b) shall not preclude the non-objecting Producing Party from later objecting to continued access by that Person for good cause. If a written objection is made, the Producing Party and the Party seeking to disclose the information shall meet and confer via telephone or in person within three (3) days following receipt of the written objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Producing Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.

Notwithstanding the foregoing, if the Producing Party fails to seek relief from the Court within seven (7) calendar days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.   **DISCOVERY CONCERNING NON-PARTIES**

(a)     The Parties recognize that, during the course of this action, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY – SOURCE CODE" Discovery Materials.  In such a case, the non-party who produces such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Material.

(b)     A non-party's use of this Order to designate Protected Material does not entitle that non-party to access any other Protected Information produced by any Party or other non-party in this action.

14.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     There is no obligation to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, either physically or electronically, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The Receiving Party shall have the burden of conferring either in

person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party must timely and reasonably respond to the Receiving Party, and the Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. This Order shall not preclude or prejudice argument for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation;

(iv)    No Receiving Party shall be obligated to challenge the propriety of any designation at any time, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary or confidential.

15.    **SUBPOENAS OR COURT ORDERS**

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Producing Party who has produced the requested Discovery Material and/or to its counsel and shall provide each such Producing Party

**AGREED PROTECTIVE ORDER – PAGE 24**

with a reasonable opportunity (not less than ten (10) calendar days) to move for a protective order regarding the production of Protected Materials implicated by the subpoena. However, nothing in this Order shall be construed as authorizing a Producing Party to disobey a lawful subpoena.

16.   **FILING PROTECTED MATERIAL**

(a)     Absent written permission from the Producing Party or a court order secured after appropriate motion and notice to all interested persons pursuant to Local Rule 5, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)     Any efforts to seal any Protected Material must comply with Local Rule 5. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

(c)     In the event the Court does not grant a motion to seal with respect to a party's proposed filing, the parties will work together to reduce the Protected Material which would be the subject of such a motion to seal.

17.   **PATENT PROSECUTION BAR**

(a)     Each Party shall create an "Ethical Wall" between those persons with access to any other Party's Protected Material that is designated CONFIDENTIAL -- OUTSIDE ATTORNEYS' EYES ONLY -- SOURCE CODE and/or technical Protected Material designated CONFIDENTIAL – ATTORNEYS' EYES ONLY that is less than ten (10) years old (collectively "Highly Sensitive Material"), and any individuals who, on behalf of a Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application related to the technology disclosed or described in the Patents-in-suit.

(b) Any attorney representing a Party, whether in-house or Outside Counsel, and any person associated with a Party and permitted to receive a Producing Party's Highly Sensitive Material, who both receives and reviews, in whole or in part, the contents of Highly Sensitive Material produced by another Producing Party may not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application (including reexaminations) related to the technology disclosed or described in the Patents-in-suit on behalf of any entity, whether party to this action or not (other than on behalf of the Producing Party who produced the Highly Sensitive Material at issue). The above prohibitions shall continue for the pendency of this Action and including one (1) year following either the entry of a final non-appealable judgment or order, or the complete settlement of all claims against the Producing Party or Producing Parties whose Highly Sensitive Material was received or reviewed, or one (1) year following the withdrawal from the litigation by an attorney, whichever is earlier.

(c) Notwithstanding any provision in Paragraph 17, nothing in this Order prevents any individual or any party from participating on behalf of a party other than a patent-owner in a post-grant proceeding before the USPTO and USPTAB, including, without limitation, *inter partes* review, reexamination, covered business method review, and post-grant review.

(d) Further, notwithstanding any provision in Paragraph 17, nothing in this Order prevents any individual or any party from participating on behalf of any party, including a patent-owner, in a post-grant proceeding before the USPTO and USPTAB, including, without limitation, *inter partes* review, reexamination, covered business method review, and post-grant review, provided that that individual is not involved in advising on, consulting on, or participating in amendments to claims. For clarification, nothing in this Order precludes counsel or any expert

working on behalf of a Party from participating in proceedings before the USPTO where no claim amendment is entered or motion to amend the claims is filed.

(e)        No Imputation of Prosecution Bar.  The prosecution bar described herein shall not be imputed to partners, associates, or other colleagues of a person who is subject to the prosecution bar and who did not actually review or learn of the contents of any Highly Sensitive Material.

(f)        Does Not Apply to Improperly Designated Material.  The patent bar described in Paragraph 17 shall not apply with respect to any produced information that was received and/or reviewed more than 10 business days after production at a time when that information was improperly designated as something other than CONFIDENTIAL -- OUTSIDE ATTORNEYS' EYES ONLY -- SOURCE CODE and/or technical Protected Material designated CONFIDENTIAL -- ATTORNEYS' EYES ONLY.

18.   **INADVERTENT OR MISTAKEN DISCLOSURE OF PRIVILEGED MATERIAL**

(a)        The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)        Upon a request from any Producing Party which has inadvertently or mistakenly produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Discovery Material and all copies thereof to the Producing Party, except for any pages containing privileged markings, information, summaries or

derivations thereof made by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.  The Producing Party shall promptly provide a privilege log identifying such inadvertently or mistakenly produced Discovery Material, including the particular relevant bases and facts upon which its assertion of privilege and/or other protection is claimed.

(c)     No use shall be made of any inadvertently or mistakenly produced or disclosed Discovery Material during deposition, at trial, or otherwise.  Nor shall any inadvertently or mistakenly produced or disclosed Discovery Material be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  The Receiving Party may move the Court for an order compelling production of any inadvertently or mistakenly produced or disclosed Discovery Material, but the motion shall not assert as a ground for production the fact of the inadvertent or mistaken production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently or mistakenly produced or disclosed Discovery Material (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

19.     **INADVERTENT OR MISTAKEN FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent or mistaken failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within ten (10) business days of the Producing Party learning of the inadvertent for mistaken failure to designate. The Producing Party shall promptly reproduce the Protected Material with the confidentiality designation.  Upon receiving the Protected Material with the confidentiality

designation, the Receiving Parties shall return or securely destroy, and certify as such to the Producing Party, all Discovery Material that was identified as being not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of improperly or mistakenly designated Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the confidentiality designations provided in this Order, or that the Discovery Material is entitled to a different designation than that originally represented.   Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

20.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized, inadvertent or mistaken disclosure does not change the status of Discovery Material or waive the right to hold the disclosed material as Protected.

21.     **FINAL DISPOSITION**

(a)     Not later than sixty (60) days after the Final Disposition of this action, each Receiving Party shall return all Discovery Material of a Producing Party to the respective Outside

Counsel of the Producing Party or destroy such Material, at the option of the Receiving Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating this action with prejudice, including all appeals.

(b)     All Parties that have received any Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed within thirty (30) days of such return or destruction. Notwithstanding the provisions for return or destruction of Discovery Material, Outside Counsel may retain one set of pleadings and exhibits thereto, Court filings and exhibits thereto, correspondence (including email), and attorney and Outside Expert or Consultant work product (but not document productions) for archival purposes, but must destroy any portions of pleadings, filings, correspondence, and Outside Expert or Consultant work product that contain Source Code.

22.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     An Outside Expert or Consultant shall not be subject to discovery with respect to any draft of his/her report(s) in this action. Draft reports, notes, outlines for draft reports, or other written materials relating to the drafting of a report by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(c)     No conversations or communications between counsel and any Outside Expert or Consultant will be subject to discovery except for that permitted under Federal Rule of Civil Procedure 26(4)(C).

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 21(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

23.     **MISCELLANEOUS**

(a)     **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Producing and Receiving Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein. The provisions of this Order may not be modified, waived, or terminated except by the written stipulation of counsel or order of the Court.

(b)     **Termination of Matter and Retention of Jurisdiction**. The Parties agree that the terms of this Order shall survive and remain in effect after the Final Determination of this action. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Order.

(c)     **Destruction Obligations**. Any destruction obligations under this Order shall not apply to electronically-stored information in archival form stored on backup tapes, computer servers, external hard drives, notebooks, personal computer hard drives, or other media that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a Receiving Party's business operations.

(d)     **Successors**. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**AGREED PROTECTIVE ORDER – PAGE 31**

(e)   **Right to Assert Other Objections**. By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the Discovery Material covered by this Order.  This Order shall not constitute a waiver of the right of any Producing Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.  This Order does not address discovery objections nor preclude any Producing Party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power.

(f)   **Burdens of Proof**.  Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)   **Modification by Court**.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court with jurisdiction over this action is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, that is produced under the protection of this Order shall be resolved by the United States District Court with jurisdiction over this action.

(h)   **Discovery Rules Remain Unchanged**.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Virginia, or the Court's own

**AGREED PROTECTIVE ORDER – PAGE 32**

orders. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Virginia, or the Court's own orders.

(i)     **Interpretation.** Should the Producing Parties have any issues concerning the interpretation of this Order, before any Producing Party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

(j)     **No Probative Value.** The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY –SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY –SOURCE CODE." This Order shall be without prejudice to the right of any Party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the Party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this action shall not be offered in any action

proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

(k)     **Notice**. All notices required by this Order are to be served via email to the attorney(s) of record for each Party.

(l)     **Sanctions**. This Order will be enforced by the sanctions set forth in Federal Rule of Civil Procedure 37(b) and any other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Order in contempt. All other remedies available to any person injured by a violation of this Order are fully reserved.

**SO ORDERED.**

**Signed this ___ day of _____, 2017.**

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Judge, United States District Court

**WE ASK FOR THIS:**

*/s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3239
Facsimile:  (888) 360-9092
senoona@kaufcan.com

Richard T. McCaulley, Jr. (*pro hac vice*)
ROPES & GRAY LLP
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone:  (312) 845-1200
*Richard.mccaulley@ropesgray.com*

Steven Pepe (*pro hac vice*)
Kevin J. Post (*pro hac vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  (212) 596-9000
*Steven.pepe@ropesgray.com*
*Kevin.post@ropesgray.com*

Matthew J. Rizzolo (*pro hac vice*)
ROPES & GRAY LLP
2099 Pennsylvania Ave, NW
Washington, DC 20006
Telephone:  (202) 508-4600
*Matthew.rizzolo@ropesgray.com*

Samuel L. Brenner (*pro hac vice*)
ROPES & GRAY LLP
800 Boylston Street
Boston, MA  02199
Telephone:  (617) 951-7120
Facsimile:  (617) 951-7050
*Samuel.Brenner@ropesgray.com*

*Attorneys for Plaintiff StrikeForce Technologies, Inc.*

*/s/ Terrence P. Ross*
Terence P. Ross
Virginia State Bar No. 26408
Christopher B. Ferenc
Virginia State Bar No. 76719
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, N.W., Suite 200
Washington, DC  20007
Telephone:  (202) 625-3500
Facsimile:  (202) 298-7570
*Christopher.ferenc@kattenlaw.com*
*Terence.ross@kattenlaw.com*

*Attorneys for Defendants, Entrust, Inc.,*
*Entrust Datacard Corporation and*
*Cygnacom Solutions, Inc.*

## EXHIBIT A

I, _____, acknowledge and declare that I have

received a copy of the Protective Order ("Order") in *StrikeForce Technologies, Inc. v. Entrust,*

*Inc. et al.*, Civil Action No. 1:17-cv-00309-LMB-TCB (E.D. Va.). Having read and understood

the terms of the Order, I agree to be bound by the terms of the Order and consent to the personal

jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order,

including any proceedings related to contempt of Court.

I will not disclose Discovery Materials marked "CONFIDENTIAL,"

"CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – OUTSIDE

ATTORNEY'S EYES ONLY – SOURCE CODE" to anyone other than persons specifically

authorized by the Order, and I agree to return all such materials which come into my possession

to counsel from whom I received such materials.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

_____

Telephone Number: _____

Relationship to this action and its parties: _____

_____

_____

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Dated: _____

_____

[Signature]